# Third District Court of Appeal

## State of Florida

Opinion filed January 22, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1275
Lower Tribunal No. 22-15599-CA-01

————————————

**Comway Trade Logistics, LLC,**
Appellant,

vs.

**Sebastian Curet, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Mark, Migdal & Hayden, Jose M. Ferrer, and Desiree E. Fernandez, for appellant.

Walter Appeals & General Litigation, and Mary J. Walter (Orlando), for appellees, Sebastian Curet and Tradefin International, LLC; Liebler, Gonzalez & Portuondo, and Alan M. Pierce, for appellee, Bank of America, N.A.; Law Offices of Victor K. Rones, P.A., and Victor K. Rones, for appellees, Amerant Bank NA and Amerant Investments, Inc.

Before FERNANDEZ, LOBREE and GOODEN, JJ.

PER CURIAM.

Appellant Comway Trade Logistics, LLC appeals an order denying its motion to amend its complaint to add a claim for punitive damages. We find that Comway Trade Logistics failed to make a reasonable showing which would provide a reasonable basis for recovery of punitive damages. § 768.72(1) Fla. Stat. (2024). Therefore, the trial court properly performed its gatekeeping function. See Palm Bay Towers Condo. Ass'n, Inc. v. Marrazza, 2025 WL 15530, at *2 (Fla. 3d DCA Jan. 2, 2025) ("Thus, the trial court serves as a 'gatekeeper,' whose function is to assess whether there is a reasonable evidentiary basis for recovery."); Manheimer v. Florida Power & Light Co., 48 Fla. L. Weekly D1495, *3 (Fla. 3d DCA Aug. 2, 2023) ("A trial court must weigh both parties' showings when considering whether the evidence or proffer is sufficient to establish a reasonable evidentiary basis for recovery of punitive damages."); accord Fed. Ins. Co. v. Perlmutter, 376 So. 3d 24, 31-32 (Fla. 4th DCA 2023).

Affirmed.